## Duff v. Commonwealth.

(Decided Oct. 6, 1933.)

C. A. NOBLE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellant, Ira Duff, was indicted for the willful murder of his father-in-law, Nick Combs, and upon his trial was convicted of manslaughter, and sentenced to a term of two years in the penitentiary. He urges on this appeal that the verdict is not sustained by the evidence and that the trial court erred in failing to give the whole law of the case when instructing the jury.

The crime of which appellant was convicted was committed more than ten years before the trial.

Appellant married a daughter of Nick Combs and lived in a house owned by Combs. The house was a one-room structure, and on the occasion in question the appellant, his wife and three children, and the deceased, were occupying this room. During the night appellant's wife left the house, went to the home of her brother, Pearl Combs, who lived a few hundred yards;

away, and reported that her husband and her father were engaged in a difficulty. Pearl Combs and other neighbors went to the house and found Nick Combs lying dead on the floor with two wounds on his head. Apparently he had been struck with a blunt instrument. Appellant had disappeared and when apprehended, more than ten years later, was living in Harlan county under an assumed name. His wife left Perry county shortly after the homicide and was living with him in Harlan county when he was arrested.

One witness testified that she saw the appellant shortly before dark on the day of the homicide and that he appeared to be under the influence of liquor. The same witness testified that she had heard the appellant threaten the deceased. Appellant testified that the deceased was drunk on the occasion in question and during the night made an insulting remark to appellant's wife, who left the house. Deceased then got out of bed and attacked appellant with an ax handle, which he found in the room, and appellant warded off the blow and struck deceased twice with a shotgun. He admitted that he left his home immediately and later went to Harlan county and lived under an assumed name. His explanation of his conduct was that he feared violence at the hands of his wife's brothers. It is insisted that certain testimony of Pearl Combs was incompetent, and with it eliminated there is no testimony tending to connect appellant with the killing. Pearl Combs testified that appellant's wife, who is his sister, came to his home on the night of the homicide and reported that her husband and the deceased were engaged in a difficulty, and that he and others then went to appellant's home and found his father lying on the floor dead. Without passing upon the competency of this testimony, it is sufficient to say that appellant testified and admitted the killing. It is urged that his testimony makes out a clear case of self-defense, but the jury was not compelled to accept his version of the difficulty. There was other evidence from which they might have inferred that the killing was unjustifiable. There was evidence that appellant had threatened the deceased, and his conduct following the killing was not that of an innocent person. The evidence was amply sufficient to sustain the verdict.

The complaint made of the instructions is that the

trial court erred in failing to instruct the jury on appellant's right to defend his wife and home. According to his own testimony, his wife had left the house before he was attacked by the deceased, and there is no evidence that the deceased attempted to assault any one in the house except the appellant. He attempted to justify the killing solely upon the ground that it was done in his own necessary self-defense, and there was no evidence warranting an instruction on the defense of his wife or the home.

No error prejudicial to the appellant's substantial rights is disclosed by the record, and the judgment is affirmed.